Good morning, your honors. We assert three errors in the sentencing proceedings below. First that the district court weighed in its consideration of the sentencing factors a very powerful victim impact statement that in fact was not from an investor that participated in the offense of conviction. The resulting sentence we submit was based at least in part on this erroneously admitted evidence. Second, the district court was without authority under title 18 section 3582 and also rule 35 to modify the restitution portion of the sentence that was imposed some two weeks earlier. And then finally, your honors, the third issue, I think the parties are in agreement. The inclusion of amounts of restitution from unidentified payers exceeded the statutory authority as they did not meet the definition of victims and that needs to be remanded so those amounts can be removed from the restitution order. Well, you're going to have to, of course, deal with the applicability of the appeal waiver as to any of those issues. Absolutely. Any or all of those issues. Unless the court would prefer otherwise, I'll start with the first issue and proceed through. Beginning with consideration of the victim impact letter. I cannot emphasize enough that this was a harrowing and very moving victim impact letter, but unfortunately it was not from this offense. The court clearly was moved by this letter. The court's reasoning, you can find from pages 103 to 105, used this letter as a backdrop to its discussion of all of the sentencing factors. And more importantly, this was the only victim impact letter that was submitted in what I believe was better than 100 potential victims. And for that reason, I don't think we can, as the government suggests, extrapolate from that one letter that these sort of feelings apply across the board to the investors in our case, especially given Mr. Aguirre's assertion that he believed these to be sophisticated investors. Is it your position that you think the government has waived the waiver because the government said that the district court could sentence the defendant without considering and could remand on the other? Or are you going to, we have to deal with the waiver. Certainly. What is your position on the waiver? In the government's motion, it certainly expressed a willingness to forego the waiver in this situation, and I believe that it should be held to that. I don't think there is any basis not to. This court certainly does not want to affirm a sentence where it appears that the sentence was based on erroneous information. The government, as I understand it, changed its position on the waiver at the merits briefing stage, as distinguished from the motions panel. It did, Your Honor. And I recognize this court has not adopted the doctrine. I would submit that in a case such as this where both parties agree this was an error, and the fix is rather simple and straightforward in terms of judicial resources. We have a clear error. It's a grave error to sentence someone on erroneous information, and it's a simple fix. I think this would be an appropriate case for the court to exercise its equitable power. And I know the court is maybe not comfortable with calling it the miscarriage of justice exception, but the court does have the authority to ask the district court to fix the error. What is the authority that you would cite for us to be able to do this? Well, as I said, Your Honor, the entire exception seems to be based on the court's equitable powers. I would say as far back as 2001, various circuits have recognized the court's authority to do so. It's been a very narrowly and infrequently granted exception. I don't think the court needs to worry about any kind of windfall of litigation. I would suggest that the case here is a fair example of a place the court could safely use it because the parties agree there was error. There's no dispute or litigation about what happened below. So have we ever said we would apply this exception or that we do not join our sister circuits in this? The court has, in two unpublished cases, indicated that it would not be applied. I would suggest that that language would be read to the circumstances of the case at bar. And then the court did, of course, later say in Barnes that it had not yet either adopted or rejected the doctrine. I guarantee you that if we recognize it in a published opinion, there will in fact be a windfall of litigation. Those are your words. I do understand the court's very real concern about that, and that is why I suggested that because of the narrow circumstances and the very rare situation where the parties agree that there was an error, that might be a fair guideline to impart onto the doctrine. If the court would like, I will address sort of the merits of that issue. I think they it's probably the same analysis. Obviously, erroneous information used at sentencing is going to be a clear error. And for the reasons I explained about the sentencing factors, Mr. Aguirre's substantial rights will have been affected. And finally, a sentence that lacks reliability does not reflect well on the integrity of the case or the court, and I think it's an appropriate case for the court to exercise its discretion. What would you say to someone who would say that any error was harmless, even if we were to use that standard, which is a higher standard for the other side, but because the district court departed downward and sentenced the defendant to the bottom of the guideline sentence of 41 months? Of course. Well, what I would say, Your Honor, is we know that that departure was based on some substantial cooperation, and the government, to its credit, really went to bat for Mr. Aguirre in that regard. My concern is this letter came in as an addendum to the PSR prior to sentencing, and when you read the sentencing transcript, the judge obviously had concerns coming in, and I believe it was because the judge was thinking about the gravity of what was put forth in that letter. So the judge came in at the beginning of sentencing and said, I have some serious concerns about this case, and later, when reviewing the sentencing factors, not only referenced, but read into the record again the victim letter. So I don't think there's any way to say that this information did not color the court's weighing of the sentencing factors. If Your Honor's— Do you want to deal with the Rule 35 motion to correct? Yes, thank you. Why is it— Sorry? Why is it incorrect? I mean, why would it be incorrect to do this? To use Rule 35, you're saying? Well, in very simple terms, this was not a clear error. I mean, the district court, the sentence that the district court imposed was legally correct based on the evidence presented by the government at sentencing. And Rule 35 makes clear that sentencing is the time of the oral pronouncement of sentence. And what the government is asking for here is really a pre-guidelines, pre-sentencing Reform Act version of Rule 35, where the court was allowed to consider new information that subsequently came up. This was purposefully narrowed by Congress in the interest of finality. And whether we like it or not, if the government fails to present evidence, it does not get to come back and reopen the sentencing, I would suggest that the government has not given us any kind of boundaries or guidelines for this expansion that they would like to see in the rule. Effectively, any defense counsel, any defendant, or government attorney who said, I failed to argue this legal point, I failed to put these facts into evidence, I need to come back, could file a Rule 35 motion. And I suggest that's just not what Congress means by clear error. And third, this court has a fairly substantial body of case law that indicates that the strictures of Section 3582 and incorporating Rule 35 are jurisdictional. I would, I'll follow up with that. We sort of skipped over it. But of course, as I just argued, the waiver here would not apply. The court recognized in Thompson that a waiver of appeal as to the conviction of the sentence did not apply to a challenge to the court's authority under Rule 35. And as I said, because this court has found the statute and the rule to be jurisdictional, that is not something that could ever be forfeited or waived in any event. Thompson is unpublished, as you know. Thompson is an unpublished decision. I agree with that, Your Honor. And I think, I think the logic of it is very persuasive. This really is about whether the court had authority to reopen a sentence that had already been imposed rather than going to the nature of the court's weighing or imposition of the sentence. No, there's, there are a number of things going on here. If some, someone's getting a do-over on certain things, it, it, not, not, you're not, certainly not appellant's fault about the wrong person's victim information being in there, you know. But why shouldn't the court, if we're going to remand, be able to fix it all in a nice boat? I appreciate that, Your Honor. I think, if I understand your question, you're asking me if I'm asking for a remand on the term of imprisonment based on the letter, why are we not remanding on the restitution? I mean, you're being persnickety about the, the, the Rule 35. I mean, you're, and so, but you're wanting us to use our powers to correct miscarriage of justice. And I understand the miscarriage of justice was not an error on where's the governor that didn't do something, you know, so I know they're not parallel. But why, if we're not giving a do-over here, why is it not a do-over across the board? Well, I think, as you just alluded to, first of all, the do-over is, was not an error on Mr. Aguirre's part. But more importantly, with respect to the, the new restitution victims, I would cite, I would direct the court to the chemical and metal industries case, where this court said that we don't get a do-over when we don't prove the restitution at the sentencing hearing. And indeed, I'm, that case was, I would argue, factually as difficult as this one, in that the victim was killed in that case. And I understand that the court is thinking about the victim. But the fact of the matter is, we don't get do-overs in this case. We understand that. We understand that this is plain error. And we understand that the evidence pre-existed and the government simply failed to put it in. But we're not going to give a second chance in that regard. If the court would like, I can address the third issue, or... That's entirely up to you. You have two and a half minutes. Well then, I will, I will certainly go ahead and do that. I think we are in agreement, but just to make sure that it's clear, the waiver should not apply as to the third issue. And that's because when we put unauthorized restitution amounts into the sentencing order, the sentence that goes above the statutory maximum, and therefore that maximum applies, or that maximum exception applies, I should say. I do recognize this court has sort of two bodies of analysis on when that exception applies, and I would suggest that... Our precedent is inconsistent, I think would be... You're being very nice. Our precedent is hard to figure out in that regard, isn't it? I'll gladly take a shot at it. The way that I see it here, you know, if there's a spectrum that the precedent lays out, we are certainly on the far side of that spectrum because we're on statutory authority, as opposed to this being an exercise of the court's judgment, which maybe is a case where the waiver should not apply. We do have cases that make that very distinction. Yes, yeah. The court sort of talked about it that way in Kim and Bell, and I think also if you look at the Alfred decision, you can see the distinction in the reasoning. But this is certainly an issue about going over the statutory maximum as laid out in the MVRA. All right. Thank you, Ms. Martin, and we'll save some time for rebuttal. Thank you very much. Thank you. Ms. Chapman? May it please the Court, Beverly Chapman for the United States. Prior to filing its merits brief, the United States filed a motion for limited remand and a motion to dismiss. The United States stands by that motion and believes that it would be the best course through the irregularities in this case, as you have heard so far this morning. However, if the Court does not wish to grant this motion and would rather rule on the merits of this case, we ask that you affirm the judgment with instructions to vacate the restitution order as to the two unidentified victims. Ms. Chapman, the order that you stand by, isn't that at least an implicit waiver of the appeal waiver? No, I do not believe it is a waiver of the appeal waiver. In our motion, the United States attempt to work with defense counsel in a collaborative manner to come up with an efficient way to resolve this case. In our motion, we stated that it was unclear whether or not the judge would have done something different, but that does not get to the standard that has to be met on the merits, nor does it waive the United States' ability to bring that issue up in its merits brief, as it did. We're not aware of any case law that has extended a decision where it's collaborative in a motion to a waiver when the United States has then filed it in their merits brief. So first this morning today, I would like to talk about the Rule 35 issue and how it applies to the defendant's appellate waiver in this case. First, importantly in this case, the defendant agreed not just to waive any conviction decision by the court and any sentencing decision by the court, but the defendant also agreed to waive any amount of restitution in an amount to be determined by the court. The defendant further in his plea agreement consented to the entry of an order directing him to pay restitution in full, including all relevant conduct to any person who would qualify as a victim under the statutes. I know this morning you've already discussed Thompson, and in this case, Thompson is distinct from the present case for three reasons. First, in Thompson, the defendant expressly appealed as to the Rule 35 order. Second, in Thompson, there was not this expanded waiver where we were dealing with a waiver regarding restitution and consent to an entry of an order as determined by the district court. In Meredith, this court has considered that that distinction when looking at whether or not we're exceeding the statutory maximum, this court has determined that that distinction is very important and should be considered, and the same is true under the Rule 35 waiver. The third reason why that case is distinct from the case at hand is that that case was truly a challenge as to the jurisdiction of the district court to enter that order. Various courts, various decisions in this circuit as well as in other circuits have discussed the fact that the time limit set by Rule 35, specifically as it stands now, that 14-day time limit, is jurisdictional. Anything that falls outside of that time limit is clearly beyond the jurisdiction of the court. In Thompson, the order was entered more than 14 days after the judgment and after the oral pronouncement of the court, whereas here it was done within the requisite time frame. So we do not have a similar jurisdictional issue. Instead, what we have is a defendant who agreed to an unopposed motion under Rule 35 to extend the restitution to include additional victims. We have a defendant who got a very good plea bargain and now is not happy with how things shook out and is requesting that he not be held to that bargain as to the restitution. However, in this case, it is important that the defendant and that appellate waiver be held as applicable to the Rule 35 issue as it applies clearly to the circumstances at hand based on the plain language of the agreement. Next. So if we were to grant your motion, this is not foreshadowing, I'm just trying to figure this out because it's unusual to have a motion carried with the case to remand in part. If we were to grant the motion in part, the district court would remove the unidentified victims and would decide whether the district court would have given the same sentence without the inclusion of the person that should not have been included at all. Yes, Your Honor. The district court would remove the Rule 35 victims and then we would have clarity on the issue of O.W. and the reading of the statement and we would not have any uncertainty. Would either of those implicate appeal waiver at all? You think we could just go our merry way by granting the motion and not mention appeal waiver on those two? Is that right? I understand, Your Honor. I'm trying to figure out how this would be structured in an opinion. Correct. I understand you're asking if the court was to grant the issues as to O.W. and the unidentified victims. Which is your motion. Yes. We do not believe that that would then, that we would have to deal with an issue of remand there as far as those two issues is unopposed by both sides. So you don't think that's, so that could just be granting the order that was carried with the case and then the Rule 35 would be the situation on the opinion. Is that what you're saying? Yes, Your Honor. The motion also includes a motion to dismiss the Rule 35 under the issue in the context of the motion. There would need to be some decision as far as the waiver with the Rule 35 issue, but not necessarily with the other issues. Okay. But everybody agrees on the first two? Yes, Your Honor. It's my understanding that everybody agrees as to the first two. What if they don't implicate the appellate waiver? If the court grants the motion, we believe it does not implicate the appellate waiver. However, if the court, as we've discussed, moves forward on the merits, then the United States does wish to invoke the appellate waiver, which we understand is an unusual circumstance, but believe is appropriate based on the case. Unusual. That's why I'm being so, going through it so slowly, because it's just, I was a little confused. Thank you. Yes, Your Honor. I appreciate that. So next, turning to the statutory maximum issue as it applies to the Rule 35 waiver, there is no statutory maximum exception as to the Rule 35 issue, as the victims here are victims under 3663 and 3663A. There's nothing in the record to suggest otherwise. The motion was unopposed by defense counsel, and as this court did in Meredith, we can look to the plea agreement, which discussed the fact that the defendant has agreed to an unspecified amount of restitution as to be set by the Rule 35 order, as just as it would to a order in the normal course during the sentencing elocution. So, you also believe, obviously, that you win on the merits of the Rule 35, which you're explaining right now. So would it necessarily implicate the waiver, if we analyzed it that way? If you analyzed it on the merits, it would not necessarily implicate the waiver. That's what this court did in Owosu. In that case, the defendant also had a similar appellate waiver, where the defendant agreed to waive his right to challenge any monetary penalties, and the court declined to review that issue. So if the court did that and decided it on the merits, then the court would not have to go to the appellate waiver issue as to rule 35. And turning to the merits, as you indicated, this case would also succeed on the merits under Rule 35, and that's based on the case law that we have in this circuit that talks about the fact that in Owosu, no court can order partial restitution. The court does not have the discretion to do so. Here we're dealing with mandatory restitution, which is an important distinction. Unlike most of the cases you see with guideline errors, most of those are discretionary issues where a judge then came forward and wanted to use its discretion and do something different. And this idea was flagged in the Tenth Circuit in Beodyne, where in that case, the judge discussed the fact that had the court just required additional evidence to get to the numbers where the court had already decided that the Mandatory Victim Restitution Act applied, then that error may have been clear and the court may have been able to consider that. And in this case, due to the mandatory nature of the MVRA, due to the defendant's plea agreement where the defendant agrees to allow the court to make the determination regarding restitution, this is a case where we are within the boundaries of Rule 35, and this is a case where we just needed some additional information to get us to include those additional victims. We did it. We filed the motion within the time frame, and that motion should be honored. Next, turning to the issue of O.W. and the reading of that statement at sentencing, defense counsel talked a lot this morning about how the court was particularly moved by that letter and how when you read the record, it's hard to take that O.W. statement out and come and believe that the court would have not come to a different result. But the record shows something different. In pages 104 to 105 of the record, the judge discussed multiple times as to why that 41-month sentence was imposed. The judge talks about the victims as a whole, saying that I'm not going to deviate from the 41 months at all. Here we have over $6 million in loss. We have over 170 victims. It is not just a one or two or three-victim case. It's a large-victim case, and there were a lot of victims to consider. And the You know, when we talk about, for example, in prong four, where we talk about the reputation of the court and the interest of justice, it seems that if you were to talk to someone on the street to say, oh, they heard a big, very serious story—you know, it's not a story, and it's true, but it's about the wrong—involving the wrong perpetrator, and they listened to that, and then—and it was whether or not the judge was moved. It was a powerful story. And then they sentenced, and it didn't even involve that perpetrator. That would—wouldn't that hurt the reputation of the court system, that we're considering things that that person didn't even do at their sentencing? We have individualized sentencing, not sentencing for everybody who's ever done this terrible crime. And this person's individualized sentencing included some very powerful evidence that was not about him. Well, it is a powerful statement, and I understand the court's concern. It does not—it does not look— You're not—if you asked a person on the street— If you asked a person on the street, I'm sure they would not be happy with the situation, but mistakes happen. Mistakes happen in courts. Mistakes happen in other cases that this circuit has looked at, such as Brown and Abernathy and Griffin, where really what we're considered—what we're dealing with here under precedent is looking at whether there was a reasonable certainty that the court would have done something different. And that standard just simply cannot—cannot be met based on the record in this case. Do you think it's a bad enough mistake that you filed a joint motion to agree to remand to see if it did consider? I mean, that's an unusual act for the government. We did consider the motion to remand based on working cooperatively with the defendant and just to make sure that the record was clear. As we stated, we still believe that that's the best course, but when we're looking at the standard overview, when we're looking at whether or not the defendant can meet that burden, here the defendant just simply cannot. In the record, the judge also talked about how I'm going to give you 41 months, and that's thanks to the prosecutor, thanks to the 5K motion that was filed. The court here, if you take out that reading of the statement, there's plenty of other record to show that the judge still would have gotten to that 41-month sentence, that the judge, based on deterrence, based on 3553 and the 3553A factors, was not going to go any lower. So while we understand your concern and while we filed the motion to hopefully alleviate that concern, ultimately the defendant cannot meet its burden as to that — as to that issue. But aside from the merits of that issue, which you have discussed, so let me just be sure I understand. Is it the government's position that that issue is or is not waived part of the — part of the appeal waiver? It's the government's position that that has not been waived. Okay. Which is why we continue to file our merits brief with the additional information and the additional analysis. But you are not asserting the waiver if we were to grant the motion? Yes, Your Honor. You have the prerogative to assert or not to assert the waiver? Yes, Your Honor. Why would the remand be a limited remand? In this case, looking at what the defendant has appealed, the defendant has only appealed a very small subset of issues. The defendant had the opportunity to appeal the restitution order as a whole or to appeal other issues in the case and did not do that. So the limited remand is based on the challenges that the defendant made in this case. That's using the term differently. We're not talking about what the district court can do on the remand. You get a complete do-over like I was asking it. Limited remand usually means in our vernacular that we retain jurisdiction. I'm not certain there's any reason for us to retain jurisdiction if we were to rule on your motion, for example. Is there some reason that we would retain jurisdiction? You want to limit the scope of what the district court can do. I don't think you're trying to ask us to retain jurisdiction, but maybe I'm wrong. Yes, Your Honor. We do not necessarily believe that the court would have to retain jurisdiction. In other cases such as Parachicone and Gomez where there were these limited remands to allow the court to say yes or no, I would have done something differently, this court did retain jurisdiction. And so that's why we ask that in the case because if we go back to the district court, the district court does something with O.W. and says I wouldn't have done anything different, maybe that defense wants to still push that issue or we still have issues before the Fifth Circuit. I don't know whether or not we would. I would hope that it would be like Parachicone and Gomez where it's resolved, it goes down, and then it comes back up and there's nothing to deal with at that point. But that's why we ask for the limited remand because of the procedural posture that we saw in cases that were the most analogous to this case, which we understand is a little bit different than the average. All right. Thank you, Ms. Chapman. Thank you. If the court has no further questions, we would ask that you grant our motion and otherwise that you affirm the judgment with instructions to vacate as to the two unidentified victims. Thank you. Ms. Martin for a vote. I just wanted to address, if I could, four very quick points that were raised with respect to the Rule 35 issue. First, the Thompson case was in part about timing, but I would just remind the court that when we're talking about jurisdiction, it's not limited to the time set forth in Rule 35. We're talking about authority under the statute at 3582 as well as the substance of Rule 35. My opponent also made reference to the statutory maximum in the MVRA, and I just want to emphasize this court had a case in 2012. The case was United States v. Murray, and while this was not a Rule 35 case, it's a little confusing because it doesn't say Rule 35, but the government there asked to amend a restitution order because the MVRA required that full restitution be imposed, and this court said no, the shell language in 3664 does not overcome a lack of jurisdiction to change the sentence. So with that, I would argue that the shell language here does not overcome the lack of authority under Rule 35. With respect to the merits of Rule 35, my opponent brought up Owosu, and I would just point out in that case that the evidence there was already in the record. So, too, the case relied on, in the government's brief, I'm probably pronouncing this wrong, Bodoni in the Tenth Circuit, but in that case as well, the district court relied on Rule 35 because it had a misunderstanding of what was authorized, and the case was reversed, and the court there said, absent an oversight in the factual basis that is in the original sentencing record, the court does not have authority, and that court relied on another case, Gordon K., that indicated the information must already be in the sentencing record. I don't think that the court necessarily has to get into the weeds of whether the statutory maximum exception applies. With respect to the Rule 35 order, it gets a little bit complicated. But what I will say is that because Rule 35 is looking at sentencing at the time of pronouncement of sentence, and the government is seeking to add victims that were not in the sentencing record at that time, there is an argument that this would take the restitution order over the statutory maximum. As I said, I don't think the court needs to get into the weeds of that argument because it is jurisdictional and the issue cannot be waived in terms of what the court's authority was under that rule. And with that, I'll rest if the court has no further questions. Thank you, Ms. Martin. Thank you. The case is under submission. Next case is Slye v. City of Conroe.